(February 8, 1913.)

## R. E. HYSLOP, Plaintiff, v. THE BOARD OF REGENTS OF THE UNIVERSITY OF IDAHO and the STATE OF IDAHO, Defendants.

[129 Pac. 1073.]

STATE UNIVERSITY—BOARD OF REGENTS—DISMISSAL OF INSTRUCTOR—POWER OF BOARD.

> 1. Under the provisions of sec. 490, Rev. Codes, the Board of Regents of the State University has power to remove the president or any professor, instructor or officer of the university, when, in their judgment the interests of the university require it.
>
> 2. Demurrer to complaint sustained and action dismissed.

Original proceeding in this court for a recommendatory judgment. *Denied.*

R. M. McCracken, for Plaintiff, files no brief.

J. H. Peterson, Attorney General, and J. J. Guheen, Assistant, for Defendants.

The power of removal in the discretion and at the will of the appointing power is implied, and always exists unless restrained by some provision of law. (*People v. Robb,* 126 N. Y. 180, 27 N. E. 267; *People v. New York,* 5 Barb. (N. Y.) 43; *Ex parte Hennen,* 38 U. S. (13 Pet.) 230, 10 L. ed. 138; *Patton v. Vaughan,* 39 Ark. 211; *People v. Higgins,* 15 Ill. 110; *Newsom v. Cocke,* 44 Miss. 352, 7 Am. Rep. 686; *Williams v. Boughner,* 6 Cold. (Tenn.) 486; *Houseman v. Commonwealth,* 100 Pa. 222; *Field v. Girard College,* 54 Pa. 233; *Keenan v. Perry,* 24 Tex. 253.)

The legislature had undoubted authority to give the appointing power absolute right of removal, without notice, at discretion. (1 Dillon, Mun. Corp., sec. 250; Mechem, Pub. Off., sec. 254; *People v. Whitlock,* 92 N. Y. 191; *People v. Board of Fire Commrs.,* 73 N. Y. 437; *State v. Stevens,* 46 N. J. L. 344.),

In such cases no notice of any charge need be given to the removed officer; and the statute may dispense with notice even in case of removal for cause. (*State v. Stevens,* 46 N. J. L. 344; *People v. Board of Fire Commrs.,* 73 N. Y. 437.)

SULLIVAN, J.—This action was brought by the plaintiff against the Board of Regents of the University of Idaho. After alleging the corporate existence of said university and that the government thereof is vested in a Board of Regents, it is alleged that said regents are the agents of the state of Idaho in the transaction of all matters which pertain to said university; that on or about November 27, 1907, plaintiff entered into a contract with said Board of Regents to perform the duties of a Professor of Agronomy in said university and of Agronomist in the Idaho Experiment Station at Moscow; that he entered upon the duties of said position on January 1, 1908, and continued in such employment until about September 1, 1909, at a salary of $1,500 per annum; that thereafter, on January 1, 1909, his compensation was fixed by said board at $1,600 per annum; that on July 1, 1909, he entered into a contract with said board for a period of one year from July 1, 1909, as such professor and that his compensation was fixed by said board at $1,700 per annum; that in pursuance of such contract plaintiff entered immediately upon the duties of such office and employment and continued in such employment until September 1, 1909, when he was summarily dismissed by the president of the Board of Regents, and that said action of the president of said board in dismissing plaintiff was not considered by said board until October 29, 1909, on which date said board ratified the action of its president in dismissing the plaintiff; that the interests of the university did not require the removal of the plaintiff from such employment and that his dismissal was malicious and in violation of the legal rights of the plaintiff under his said contract; that immediately after his dismissal plaintiff sought similar employment elsewhere, but was unable to procure it, and was not engaged in his said vocation, or in any vocation, for a period of one year following his dismissal; that plain-

tiff was physically and mentally able, ready and willing to continue his employment in accordance with the terms of his contract; that he is entitled to recover $1,416.66; that he filed his claim for said sum with the Board of Regents and that said claim was disallowed by said board; that he thereafter filed said claim with the Board of Examiners of the state of Idaho and said claim was disallowed by said board; and prays for a recommendatory judgment against the state for that amount.

To this complaint a demurrer was filed by the Board of Regents. The main ground of said demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the defendants, the Board of Regents. It is contended under said demurrer that the power of removal by said board is absolute and that they have the power to remove the president, any professor, instructor or other officer of the university when in their judgment the interests of the university require it. Sec. 490, Rev. Codes, provides, among other things, as follows:

"The board of regents shall have power to remove the president or any professor, instructor or officer of the university, when, in their judgment, the interests of the university require it."

That provision of said section is a part of the contract of employment of any of the persons therein named, and the Board of Regents are thereby given plenary power to remove any of the employees therein named whenever they may think best to do so. That being true, the complaint does not state a cause of action. As bearing upon the question here involved, see *Ewin v. Independent School Dist.*, 10 Ida. 102, 77 Pac. 222.

Said demurrer must be sustained and the action dismissed, and it is so ordered, with costs in favor of the defendants.

Ailshie, C. J., and Stewart, J., concur.